## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE BENJAMIN<br>1400 Sunset Avenue<br>Williamstown, NJ 08094<br><br>        Plaintiff,<br><br>    v.<br><br>PRO CUSTOM SOLAR, LLC d/b/a<br>MOMENTUM SOLAR<br>325 High Street<br>Metuchen, NJ 08840-2236<br><br>        Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Lawrence Benjamin ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Pro Custom Solar, LLC d/b/a/ Momentum Solar (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Defendant interfered with Plaintiff's ability to take leave under the USERRA. Thereafter, Defendant fired Plaintiff because he requested and took a USERRA-qualifying leave of absence, and/or because of his membership in the Pennsylvania Army National Guard. Accordingly, Defendant violated Plaintiff's rights under USERRA.

## JURISDICTION AND VENUE

1

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically 38 U.S.C. §§4301 *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant is a business entity that does business in New Jersey.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. At all times relevant hereto, Plaintiff was a member the Uniformed Services of the United States, specifically the Pennsylvania Army National Guard.

12. In or about February 2017, Defendant hired Plaintiff as a Sales Representative.

13. Plaintiff notified Respondent of his status as a member of the Pennsylvania Army National Guard during his job interview with Office Manager Augie Conte ("Office Manager Conte").

14. Plaintiff also notified Defendant that he would occasionally need time off from work roughly one weekend each month and two weeks in the summer, to fulfill his military duty.

15. Thereafter Defendant required Plaintiff to notify Defendant of his military leave by notifying Officer Manager Conte or Defendant's Agent Mallory Christ of his orders, which Plaintiff always did.

16. In or around early May 2017, Plaintiff notified Respondent of his active military duty, scheduled for May 19 through May 21, 2017.

17. Between May 19 and May 21, 2017, Plaintiff served his active military duty.

18. Upon returning from active military duty on or around May 23, 2017, Plaintiff found he could no longer log into Defendant's customer database. Since Plaintiff could not log in, he called Defendant's Office Manger Conte.

19. Office Manager Conte informed Plaintiff that while he was on active military duty, Defendant fired Plaintiff for failing to meet a sales quota while Plaintiff was on military leave.

20. Upon information and believe, Defendant did not alter the quota requirement for Plaintiff to reflect that Plaintiff would have less time to sell due to his military leave.

21. Defendant's alleged reason for terminating Plaintiff was pretext.

22. In actuality, Defendant fired Plaintiff because Plaintiff is a member of the Pennsylvania Army National Guard, because Plaintiff requested and took USERRA leave, and/or because of the possibility that Plaintiff would need further USERRA leave.

### COUNT I
### Violations of the Uniformed Services Employment and Reemployment Rights Act
**(Interference)**

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. At all times relevant hereto, Plaintiff was an "employee" as defined by USERRA. 38 U.S.C. §4303(3).

25. At all times relevant hereto, Defendant was an "employer" as defined by USERRA. 38 U.S.C. §4303(4).

26. Defendant interfered with Plaintiff's rights under USERRA when it fired Plaintiff to prevent him from taking future protected military leave.

27. As a direct and proximate result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings and future lost earnings.

### COUNT II
### Violations of the Uniformed Services Employment and Reemployment Rights Act
**(Retaliation)**

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. At all times relevant hereto, Plaintiff was an "employee" within the meaning of USERRA.

30. At all times relevant hereto, Defendant was an "employer" within the meaning of USERRA.

31. Defendant fired Plaintiff because: (1) Plaintiff was a member of the Uniformed Services; and/or (2) because Plaintiff required a leave of absence to report to duty for the Pennsylvania Army National Guard; and/or (3) because Plaintiff requested a USERRA leave.

32. As a direct and proximate result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings and future lost earnings.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of denying employees their rights under USERRA and the common law;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under USERRA);

D. Plaintiff is to be awarded punitive damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

      E.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) in an amount to be determined by the Court or trier of fact to be appropriate under the circumstances;

      F.      Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      G.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

      H.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Travis Martindale-Jarvis*
TRAVIS MARTINDALE-JARVIS, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: March 3, 2020

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.